IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVE SAMUEL GEE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-833-D-BN |
| | § | |
| STATE OF TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Steve Samuel Gee, Jr., a party to an ongoing divorce proceeding in the 422nd District Court in Kaufman County, Texas ("Steve Gee"), who is proceeding *pro se*, removed the divorce proceeding to this Court on April 5, 2018. This resulting action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater.

The next day, the undersigned entered an order questioning the existence of federal subject matter jurisdiction and requiring that, by May 7, 2018, Steve Gee file a properly-supported, written response to establish that jurisdiction exists or, alternatively, submit a written response advising the Court whether he will agree that the case should be remanded to state court. *See* Dkt. No. 18.

That same day, the other party to the divorce proceeding, Stacey D. Gee ("Stacey Gee") moved to remand this action to state court, *see* Dkt. No. 17, and, in that motion, requested costs and actual expenses, including attorneys' fees, under 28 U.S.C. §

1447(c), *see id.* at 4. Steve Gee filed a response opposing the motion to remand. *See* Dkt. No. 21. And Stacey Gee filed a reply brief. *See* Dkt. No. 22.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to remand; remand this action to the 422nd Judicial District Court of Kaufman County, Texas, the court from which it was removed; and award Stacey Gee costs and actual expenses, including reasonable attorneys' fees, under Section 1447(c) – the amount of which to be awarded being an issue the Court retains jurisdiction over (and should be referred to the undersigned for recommendation) after remand.

**Legal Standards and Analysis**

I.  Removal and Remand

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity

jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

First, while Steve Gee provides a mailing address in Overland Park, Kansas, he neither asserts – nor has he established – diversity as a basis for jurisdiction. *See* Dkt. Nos. 3 & 21. But it should be noted that "the 'domestic relations exception' to federal jurisdiction 'divests the federal courts of power to issue divorce, alimony, and child custody decrees' even if diversity jurisdiction was present." *Louisiana v. Wells*, Civ. A. No. 14-00056-BAJ-RLB, 2015 WL 1276713, at *4 n.3 (M.D. La. Mar. 19, 2015) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); citation omitted); *see also Jimenez v. Wizel*, 644 F. App'x 868, 870 (11th Cir. 2016) (per curiam) (where "the violations [the removing party] alleges stem in whole from the ongoing state court's adjudication of the dispute between him and his wife regarding the forthcoming custody arrangement ... , removal under § 1441 would be improper" (citing *Ankenbrandt*, 504 U.S. at 703-04)). While this exception 'obtains from the diversity jurisdiction statute ... and therefore it has no application where ... there exists an independent basis for federal jurisdiction,'" for the reasons explained below, here, there is no other basis for federal jurisdiction, and – even if there was – "abstention [could be] called for under *Burford*

*v. Sun Oil Co.*, 319 U.S. 315 (1943)." *Estate of Merkel v. Pollard*, 354 F. App'x 88, 92 (5th Cir. 2009) (per curiam) (quoting *United States v. Bailey*, 115 F.3d 1222, 1231 (5th Cir. 1997)).

Next, the Notice of Removal does not appear to establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support Section 1331 removal, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *Hot-Hed*, 477 F.3d at 323 (quoting *Carpenter*, 44 F.3d at 366). And Steve Gee asserts that there is federal question jurisdiction under at least the

Consumer Credit Protection Act, 15 U.S.C. § 1601, *et seq.* and the False Claims Act, 31 U.S.C. § 3729, *et seq.* and, further, that a special provision of the removal statute – 28 U.S.C. § 1443 – applies here. *See, e.g.,* Dkt. No. 3 at 1-2.

Taking first Steve Gee's belief that any claim asserted under the federal statutes he cites – whether as a defense or as a counterclaim in this state-law-based divorce proceeding – confers federal question jurisdiction, that belief is an "overly broad understanding of federal jurisdiction," *Fed. Nat'l Mortg. Ass'n v. Smith*, No. 3:13-cv-1901-K-BN, 2013 WL 1759521, at *5 (N.D. Tex. Apr. 5, 2013) (collecting cases, including *Fed. Nat'l Mortg. Ass'n v. Perez*, No. CV 13-01082 MMM (SHx), 2013 WL 1010535, at *3 (C.D. Cal. Mar. 14, 2013) ("With respect to the remaining statutes cited by Perez, e.g., the securities fraud statutes, the [Fair Debt Collection Practices Act], the civil rights statutes, the ESSA and the ARRA, they are neither expressly nor implicitly raised in plaintiff's complaint, and defenses and potential counterclaims will not support federal question jurisdiction.")), *rec. adopted*, 2013 WL 1763479 (N.D. Tex. Apr. 24, 2013).

A defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within

federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490. When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *see also Anderson*, 539 U.S. at 8 ("Thus, a state claim may be removed to federal court in

only two circumstances – when Congress expressly so provides, such as in the Price-Anderson Act, or when a federal statute wholly displaces the state-law cause of action through complete preemption." (citation omitted)); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) ("Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

In the Notice of Removal, Steve Gee does not allege – much less show – (1) that a claim under the Consumer Credit Protection Act or the False Claims Act (or any federal statute) was raised in the ongoing state divorce proceeding; (2) that any substantial, disputed question or issue of federal law is implicated in that proceeding; or (3) that any claim raised therein is completely preempted by federal law. As a result, subject matter jurisdiction does not exist under Section 1331. *Cf. Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (per curiam) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)).

The analysis above also applies to Steve Gee's belief that his federally-protected civil rights have been violated through the state-court proceeding and that this belief confers federal question jurisdiction. *See, e.g., Hunt v. Lamb*, 427 F.3d 725, 726-27 (10th Cir. 2005) ("Here, the underlying state court civil action involved child custody. Because Lamb could not have initiated this action in federal court, Hunt could not

remove it to federal court. It is well-established that federal courts lack jurisdiction over '[t]he whole subject of the domestic relations of husband and wife, [and] parent and child.' ... [And, t]o the extent that Hunt sought removal to vindicate his civil and constitutional rights, remand was still required. Generally speaking, a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." (quoting *Ankenbrandt*, 504 U.S. at 703 (quoting, in turn, *In re Burrus*, 136 U.S. 586, 593-94 (1890)); citation and internal quotation marks omitted)).

"An exception to this rule is 28 U.S.C. § 1443, which allows removal to address the violation of a right to racial equality that is unenforceable in state court." *Id.* at 727 (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). And, while Steve Gee invokes Section 1443, that provision, "construed narrowly," *City of Houston v. Club Fetish*, Civ. A. No. H-13-0944, 2013 WL 1767777, at *3 (S.D. Tex. Apr. 24, 2013) (citing *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983)), in pertinent part provides that

> [a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

28 U.S.C. § 1443(1).

And, as Judge Fitzwater has previously explained,

> [i]n *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85 (5th Cir. 1982), the Fifth Circuit articulated a two-prong test to determine whether removal is proper under § 1443.

> To gain removal to federal court under 28 U.S.C. § 1443, the defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law.

*Id.* at 86 (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975))....

> Although not made explicit in the terms of § 1443(1), the Supreme Court clearly requires that a removal petitioner assert an allegation of a federal law violation pertaining to racial equality. *Rachel*, 384 U.S. at 791 ("The legislative history of the 1866 Act clearly indicates that Congress intended to protect a limited category of rights, specifically defined in terms of racial equality."). In *Johnson v. Mississippi*, 421 U.S. 213 (1975), the Court reaffirmed this limitation, stating that "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes *not protecting against racial discrimination, will not suffice.*" *Id.* at 219 (emphasis added). Accordingly, the first prong of the controlling test requires that the denied right arise under a federal law "providing for specific rights stated *in terms of racial* equality." *Gulf Water Benefaction Co.*, 679 F.2d at 86 (emphasis added).

*Tex. Dep't of Prot. & Regulatory Servs. v. Mitchell-Davis*, No. 3:07-cv-1726-D, 2007 WL 4334016, at *1 (N.D. Tex. Dec. 11, 2007) (emphasis in original and citation modified); *see also City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966) ("Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." (citations omitted)).

Because Steve Gee seeks to protect civil rights other than those "implicating

racial equality, ... he fails to satisfy the first prong of *Rachel*." *Jimenez*, 644 F. App'x at 870 (citation omitted); *see also, e.g., Janosek v. Gonzalez*, No. 2:17-CV-111, 2017 WL 3474104, at *2-*3 (S.D. Tex. Aug. 11, 2017) (rejecting, for similar reasons, a reliance on Section 1443(1) as a basis for removing a Texas divorce and custody proceeding). Steve Gee also fails on the second prong set out above by not credibly showing that any "provision of state law will cause the state courts to deprive [him] of the protection of federal constitutional or statutory rights." *Club Fetish*, 2013 WL 1767777, at *4 (citing *Johnson*, 421 U.S. at 219; *Hibernia Nat'l Bank v. Robinson*, 67 F. App'x 241, 241 (5th Cir. 2003) (per curiam); *Smith*, 717 F.2d at 194; *Williams v. Mississippi*, 608 F.2d 1021, 1022-23 (5th Cir. 1979)).

For these reasons, the motion to remand should be granted.

II.  Costs and Expenses

Because she asserts that Steve Gee's removal was wrongful, Stacey Gee seeks her costs and expenses, including attorneys' fees, under 28 U.S.C. § 1447(c), which in part provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," *id.*; *see,* Dkt. No. 17 at 4; Dkt. No. 22 at 13-14.

The "decision to grant or deny attorneys' fees under Section 1447(c) is discretionary." *Western Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-565-L, 2016 WL 7735761, at *2 (N.D. Tex. Dec. 28, 2016) (citing *Admiral Ins. Co. v. Abshire*, 574 F.2d 267, 280 (5th Cir. 2009)), *rec. accepted*, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017). And the standard for awarding fees under Section 1447(c) "turns on the

reasonableness of the removal." *Id.*

Under this standard, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal [at the time removal was sought.] Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 358 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). And "[i]t is not necessary to show that a removing defendant acted in bad faith or other ulterior motive to award attorneys' fees under Section 1447(c)." *Western Healthcare*, 2016 WL 7735761, at *2 (citation omitted).

Although Steve Gee is proceeding *pro se*, that does not excuse his removal of this action and his refusal to concede to remand once the Court notified him that it was likely that subject matter jurisdiction was lacking. *See* Dkt. No. 18. His objectively unreasonable removal to this Court has needlessly perpetuated already protracted litigation, forcing Stacey Gee to incur additional – and unnecessary – legal fees.

While the Court should award Stacey Gee her costs and actual expenses, including the attorneys' fees, associated with the removal of this action, she has yet to provide the Court an affidavit from her attorney outlining those costs and expenses. But, if the Court accepts the undersigned's recommendation to grant the motion to remand and award costs and expenses under Section 1447(c), it should remand this action and then refer the costs-and-expenses issue to the undersigned United States magistrate judge for recommendation. *See Coward v. AC & S, Inc.*, 91 F. App'x 919,

921-22 (5th Cir. 2004) (per curiam) (holding "that a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified" (citing *Cooter v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); citations omitted)).

## Recommendation

The Court should grant the motion to remand filed by Stacey D. Gee [Dkt. No. 17]; remand this action to the 422nd Judicial District Court of Kaufman County, Texas, the court from which it was removed; and award Ms. Gee costs and actual expenses, including reasonable attorneys' fees, under Section 1447(c) – the amount of which to be awarded being an issue the Court retains jurisdiction over (and should be referred to the undersigned for recommendation) after remand.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 12, 2018

                                                      _____
                                                      DAVID L. HORAN
                                                      UNITED STATES MAGISTRATE JUDGE