IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVE SAMUEL GEE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-833-D-BN |
| | § | |
| STATE OF TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Steve Samuel Gee, Jr., a party to an ongoing divorce proceeding in the 422nd District Court in Kaufman County, Texas, who is proceeding *pro se*, removed the divorce proceeding to this Court on April 5, 2018. This resulting action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater.

The next day, the undersigned entered an order questioning the existence of federal subject matter jurisdiction that required that, by May 7, 2018, Mr. Gee file a properly-supported, written response to establish that jurisdiction exists or, alternatively, submit a written response advising the Court whether he will agree that the case should be remanded to state court. *See* Dkt. No. 18.

That same day, the other party to the divorce proceeding, Stacey D. Gee moved to remand this action to state court, *see* Dkt. No. 17, and, in that motion, requested costs and actual expenses, including attorneys' fees, under 28 U.S.C. § 1447(c), *see id.*

at 4. A response and a reply brief were filed. *See* Dkt. Nos. 21 & 22.

On June 12, 2018, the undersigned entered findings and conclusions recommending that the Court grant the motion to remand; remand this action to the 422nd Judicial District Court of Kaufman County, Texas, the court from which it was removed; and award Ms. Gee costs and actual expenses, including reasonable attorneys' fees, under Section 1447(c) – the amount of which to be awarded being an issue the Court retains jurisdiction over (and should be referred to the undersigned for recommendation) after remand. *See* Dkt. No. 27.

Over Mr. Gee's objections, *see* Dkt. No. 29, the Court adopted that recommendation on July 5, 2018, remanded this action to state court, awarded Ms. Gee costs and actual expenses, including reasonable attorney's fees, under Section 1447(c), and referred to the undersigned for recommendation "the amount of such costs and actual expenses, including attorney's fees, to be awarded." Dkt. No. 30.

Before Judge Fitzwater referred that issue to the undersigned, Ms. Gee filed an affidavit in support of her request for attorneys' fees and costs. *See* Dkt. No. 28. And the undersigned ordered Mr. Gee to respond by August 6. 2018. *See* Dkt. No. 31. But no response was filed.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should award Stacey D. Gee $5,002.60 in costs and actual expenses, including reasonable attorneys' fees, under 28 U.S.C. § 1447(c).

## Legal Standards and Analysis

Because she asserts that Mr. Gee's removal was wrongful, Ms. Gee seeks her

costs and expenses, including attorneys' fees, under Section § 1447(c), which in part provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," *id.*; *see* Dkt. No. 17 at 4; Dkt. No. 22 at 13-14.

I.   Section 1447(c)

The "decision to grant or deny attorneys' fees under Section 1447(c) is discretionary." *Western Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-565-L, 2016 WL 7735761, at *2 (N.D. Tex. Dec. 28, 2016) (citing *Admiral Ins. Co. v. Abshire*, 574 F.2d 267, 280 (5th Cir. 2009)), *rec. accepted*, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017). And the standard for awarding fees under Section 1447(c) "turns on the reasonableness of the removal." *Id.*

Under this standard, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal [at the time removal was sought.] Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 358 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). And "[i]t is not necessary to show that a removing defendant acted in bad faith or other ulterior motive to award attorneys' fees under Section 1447(c)." *Western Healthcare*, 2016 WL 7735761, at *2 (citation omitted).

Although Mr. Gee is proceeding *pro se*, that does not excuse (1) his removal of this action and (2) his refusal to concede to remand once the Court notified him that

it was likely that subject matter jurisdiction was lacking. *See* Dkt. No. 18. His objectively unreasonable removal to this Court has needlessly perpetuated already protracted litigation, forcing Ms. Gee to incur additional – and unnecessary – legal fees. Given the lack of an objectively reasonable basis for removal, which the Court set out in the April 6, 2018 order and later in the June 12, 2018 findings, conclusions, and recommendation, which the Court adopted, Ms. Gee seeks to recover costs and actual expenses, including reasonable attorneys' fees, amounting to $5,117.60, a sum established by uncontested evidence. *See* Dkt. No. 28, Attorney Brandi H. Fernandez's Affidavit in Support of Request for Attorney's Fees.

"[W]ith respect to an award under § 1447(c) of 'costs' (at least in the sense of costs under Fed. R. Civ. P. 54(d)(1)) the remanding court's discretion is much broader ... than with respect to an attorney's fees award by the remanding court under § 1447(c)." *Hornbuckle*, 358 F.3d at 541 n.5 (citing *Miranti v. Lee*, 3 F.3d 925, 99 (5th Cir. 1993); *Valdes*, 199 F.3d at 293). "Even as to such 'costs,' however, discretion is not unlimited." *Id.* (citing *W.H. Avittis v. Amoco Prod. Co.*, 111 F.3d 30, 32, 33 (5th Cir. 1997)); *see also Thibodeaux Family Ltd. P'ship v. Holland*, No. 06-1626, 2006 WL 3899908, at *2 (W.D. La. Nov. 29, 2006) ("Rule 54(d)(1) costs are not subject to [Section 1447(c)'s] objective reasonableness test. Rather, [that rule] creates a strong presumption that the prevailing party will be awarded costs." (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985); citation omitted)).

II. <u>Section 1447(c) Attorneys' Fees</u>

"[A] party may only recover attorneys' fees 'incurred as a result of the removal.'"

*Western Healthcare*, 2016 WL 7735761, at *3 (quoting 28 U.S.C. § 1447(c). "The United States Court of Appeals for the Fifth Circuit has 'interpret[ed] this language to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court.'" *Id.* (quoting *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997)). "By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'" *Avitts*, 111 F.3d at 32; *accord De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 439 (5th Cir. 2014) (per curiam); *see, e.g., Wermelinger v. Conn. Gen. Life Ins. Co.*, No. 3:97-cv-1100-D, 1998 WL 401607, at *3 (N.D. Tex. July 15, 1998) ("Because only fees incurred as a result of the removal are recoverable, the court must reduce many entries. The entries range from time spent on motions to dismiss and motions to disqualify opposing counsel.").

To determine those fees "incurred as a result of removal," "[t]his Court uses the 'lodestar' method," *Western Healthcare*, 2016 WL 7735761, at *3 (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); citations omitted), which it calculates by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate – the market rate in the community for this work, *see Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience,

and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). Generally, the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there. *See id.* But the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*, 526 F.2d 865, 868 (5th Cir. 1976); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

The party seeking reimbursement of attorneys' fees bears the burden to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 896 n.11, as well as to establish the number of hours expended through the presentation of adequately recorded time records as evidence, *see Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). A movant seeking attorneys' fees is also "charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant."

*Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnotes omitted).

The Court should use this reported time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See Watkins*, 7 F.3d at 457. The hours remaining are those reasonably expended. *See id.*

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800. Further, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

And the Court should not "eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative." *Tasby v. Estes*, 651 F.2d 287, 289-90 (5th Cir. Unit A July 1981) (internal quotation marks omitted). "Percentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment" – including by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary – or "when a court reduces excessive time spent on particular legal services" or for particular services that are "duplicative." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-752-D, 2011 WL 487754, at *13 (N.D. Tex. Feb. 11, 2011); *Shepherd v. Dallas Cty., Tex.*, No. 3:05-cv-1442-D, 2009 WL 977294, at *2 n.3 (N.D. Tex. Apr. 10,

2009); *accord Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." (footnote omitted)); *Cookston v. Freeman, Inc.*, No. 3:98-cv-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999).

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins,* 7 F.3d at 457.

The undersigned recognizes that the analysis set forth above, and particularly

the interplay of the lodestar analysis and the *Johnson* factors, may have been called into question by the United States Supreme Court's decision in *Perdue v. Kenny A.*, 559 U.S. 542 (2010). *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But, the Fifth Circuit, without comment or reference to the *Perdue* decision, has continued to utilize the approach laid out by this Court. *See Black v. Settle Pou, P.C.*, 732 F.3d 492, 502-03 (5th Cir. 2013). *But see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, 751 F.3d 291, 296 (5th Cir. 2014) (following *Pilgrim's Pride*).

And the Fifth Circuit, in a more recent published opinion, has rejected the argument "that *Perdue* clearly disfavors applying the *Johnson* factors to determine a fee award and instead requires the use of only the lodestar." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 393 (5th Cir. 2016). The Court of Appeals explained that

> [w]e agree that *Perdue* requires courts to first calculate the lodestar; indeed, this has long been our practice. *See, e.g.*, *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the 'lodestar.'"). But *Perdue* does not, as Combs contends, make it impermissible to then consider any relevant *Johnson* factors. *Perdue* cautions against the sole use of the *Johnson* factors to calculate a reasonable attorney's fee but nowhere calls into question the use of relevant *Johnson* factors to make this determination. Indeed, *Perdue* expressly allows adjustments "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." 559 U.S. at 554....

-9-

> And though the lodestar is presumed reasonable, it may be adjusted where it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554.... *Perdue*, consistent with the Court's frequent pronouncements, explains that lodestar enhancements are to be rare....
> In sum, the district court should begin by calculating the lodestar: the reasonable hours expended multiplied by a reasonable rate. The district court may then determine whether any other considerations counsel in favor of enhancing or decreasing the lodestar. In light of the "strong presumption" that the lodestar represents a sufficient fee, enhancements must necessarily be rare. *Perdue*, 559 U.S. at 553-54.

*Id.* at 393-95.

*Perdue*, then, did not change the proper method for calculating attorneys' fees awards in the Fifth Circuit. Accordingly, the analysis below will take into account the necessary factors when determining the appropriate amount of attorneys' fees to be awarded under 28 U.S.C. § 1447(c).

Ms. Gee seeks to recover fees at $300.00 an hour for 14.9 hours of Ms. Fernandez's time reviewing pleadings filed by Mr. Gee connected to his removal of this action, researching issues related to Mr. Gee's theories in support of his removal, and drafting and filing pleadings in response to his removal, include Ms. Gee's motion to remand. *See* Dkt. No. 28. She also seeks to recover fees at $150.00 an hour for 3.4 hours of work by a legal assistant in support of Ms. Fernandez's efforts. *See id.* And, in support of this request, Ms. Fernandez testifies:

> The times and expenses [itemized in her affidavit] were specific to this cause of action responsive to Mr. Gee's Petition for removal and accompanying motions. The documents and motions filed by Mr. Gee comprised of approximately 19 motions and/or documents (totaling approximately 178 pages), which required review and responses by our office. The fees and expenses outlined above do not include other fees that are otherwise related to the state court divorce action.

*Id.* at 3-4 (emphasis omitted).

As stated above, Mr. Gee challenges neither the hourly rate for Ms. Fernandez, who has been licensed to practice law in Texas since 1996, *see id.* at 4 & 8-9, nor the hourly rate for her legal assistant, Amanda Deaver, who has over 15 years of family law and general civil litigation experience, *see id.* at 2 & 4. And the undersigned finds that these rates are reasonable and within the market rate for attorneys and legal assistants handling this type of litigation in the Dallas area.

Ms. Fernandez's affidavit and records attached thereto include a narrative description of the work done and the number of hours that it took to complete the work. *See id.* at 2-3. And, although these descriptions do no reflect time that was written off, and thus evidence billing judgment per se, a review of these descriptions against a strong familiarity with these proceedings "satisfies [the undersigned] that [Ms. Gee's] counsel did" exercise such judgment. *Offshore Marine Contractors, Inc. v. Palm Enrgy Offshore, LLC*, Civ. A. No. 10-4151, 2015 WL 5306229, at *3 (E.D. La. Sept. 10, 2015).

Thus, having carefully reviewed the billing records, the undersigned finds that the 14.9 hours of attorney time and 3.4 hours of legal assistant time – all time incurred solely as a result of Mr. Gee's wrongful removal – are reasonable and necessary and not excessive, duplicative, or inadequately documented and therefore were reasonably expended for the tasks for which the Court has determined that Ms. Gee should be awarded her requested attorneys' fees.

The undersigned therefore finds the appropriate lodestar here to be calculated as 14.9 hours at $300.00 an hour plus 3.4 hours at $150.00 an hour for a total of

$4,980.00. While the undersigned has considered the *Johnson* factors, the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Ms. Gee does not seek an enhancement of his attorneys' fees. And the undersigned determines that no enhancement is warranted under the circumstances and that there are no other exceptional circumstances.

III.    Section 1447(c) Costs

Ms. Gee also seeks to recover under Section 1447(c) costs totaling $137.60, for copies ($22.60) and for a runner to deliver documents to the Court ($115.00). *See* Dkt. No. 28 at 3. At least one other district court in this circuit, citing "the Federal Rules of Civil Procedure's liberal approach to allowing costs," has found that "nothing precludes the recovery of costs associated with removal," but then limited the plaintiffs' costs "only to those specifically listed in 28 U.S.C. § 1920." *In re N.Y. Life Ins. Co. Agents' Class Claimants Solicitation Litig.*, 92 F. Supp. 2d 564, 573 (E.D. La. 1997) (citation omitted); *see also Hornbuckle*, 358 F.3d at 541 n.5 (noting that the Court's discretion as to the award of costs associated with removal "is not unlimited"). The undersigned agrees with this approach and finds that the Court should award Ms. Gee the costs for copies, under 28 U.S.C. § 1920(4), but exclude the costs incurred for employing a runner to courier documents to the Court, *see, e.g., Wright v. Blythe-Nelson*, No. 3:99-cv-2522-D, 2004 WL 2870082, at *10 (N.D. Tex. Dec. 13, 2004) ("[C]ourier fees ... are not recoverable under § 1920." (citations omitted)).

## Recommendation

The Court should award Stacey D. Gee $5,002.60 in costs and actual expenses,

including reasonable attorneys' fees, under 28 U.S.C. § 1447(c).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 14, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE